1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

ALBERTINA B. ESQUIVEL,

　　　　Plaintiff,

　　　v.

WASHINGTON BEEF, L.L.C., a
limited liability corporation,

　　　　Defendant.

NO.  CV-05-3041-RHW

**ORDER DENYING IN PART
AND GRANTING IN PART
DEFENDANT'S MOTION TO
DISMISS**

Before the Court is Defendant's Motion to Dismiss (Ct. Rec. 7). A hearing was held on the matter on July 12, 2005, in Yakima, Washington.  Plaintiff Albertina B. Esquivel was represented by Blanca Rodriguez and Steve Fredrickson; Defendant Washington Beef, LLC ("Washington Beef") was represented by Paul Larson, Richard Alaniz, and Julie Jones.  For the following reasons, the Court denies Defendant's motion.

## BACKGROUND

Plaintiff Albertina Esquivel filed the instant complaint on April 20, 2005 (Ct. Rec. 1), alleging that she was terminated by Defendant Washington Beef in an effort to interfere with her right to leave under the Family and Medical Leave Act ("FMLA"), and in retaliation for her exercise of rights under the FMLA. Additionally, she alleges that Washington Beef wrongfully discharged her, in violation of public policy.  RCW 49.12.270.

Washington Beef asserts that Ms. Esquivel's state wrongful discharge claims

**ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S
MOTION TO DISMISS** * 1

1  are preempted by Section 301 of the Labor Management Relations Act ("LMRA").
2  In addition, Washington Beef asserts that the statute of limitation for filing an
3  action under LMRA has expired, and Ms. Esquivel has waived her right to seek
4  judicial redress under the FMLA.

5  **STANDARD OF REVIEW**

6  To survive a motion to dismiss for lack of subject matter jurisdiction, the
7  non-movant must "[p]resent affidavits or any other evidence necessary to satisfy its
8  burden of establishing that the court, in fact, possesses subject matter jurisdiction."
9  *Association of American Med. Colls. v. United States*, 217 F.3d 770, 778 (9th Cir.
10  2000); Fed. R. Civ. P. 12(b)(1).  The court may rely upon affidavits or other
11  evidence properly before the court.  *Id.*  Weighing this evidence, the court may
12  then resolve factual disputes, without giving "presumptive truthfulness" to the
13  plaintiff's allegations.  *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir.
14  1983) (citations omitted).

15  When evaluating a motion to dismiss for failure to state a claim, "[a]ll
16  allegations of material fact are taken as true and construed in the light most
17  favorable to the nonmoving party."  *American Family Ass'n, Inc. v. City and
18  County of San Francisco*, 277 F.3d 114, 1120 (9th Cir. 2002); Fed. R. Civ. P.
19  12(b)(6).  "A complaint should not be dismissed unless it appears beyond doubt
20  that the plaintiff can prove no set of facts in support of his claim which would
21  entitle him to relief."  *American Family*, 277 F.3d at 1120.

22  **DISCUSSION**
23  **I.    Preemption**

24  Defendant contends that Section 301 of the Labor Management Relations
25  Act of 1947, 29 U.S.C. 185 (1947) ("§ 301") preempts Plaintiff's wrongful
26  discharge claim and her breach of contract claim.   The Plaintiff has since
27  //
28

**ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S
MOTION TO DISMISS** * 2

1  withdrawn her breach of contract claim.[1]

2  Plaintiff, however, rebukes the suggestion that her wrongful discharge claim,

3  under RCW 49.12.270, is preempted.  Plaintiff submits that because the Collective

4  Bargaining Agreement governing Plaintiff's former employment requires that the

5  employer follow all applicable state and federal family and medical leave laws,

6  interpretation of the CBA is not required, and preemption is not warranted.

7  Moreover, the Plaintiff maintains that Washington's wrongful discharge laws

8  constitute a non-negotiable statutory right, which does not implicate the federal

9  interests protected by the LMRA.

10  The Defendant alleges that Section 301 preempts Washington's wrongful

11  discharge law.  Generally, disputes between employers and a labor organization's

12  represented employees are governed by Section 301 of the LMRA.  Section 301

13  vests federal courts with authority to enforce collective bargaining agreements and

14  authorizes courts to develop a federal common law for interpretation of such

15  agreements.  *See Commodore v. University Mech. Contractors*, 120 Wash. 2d 120,

16  125 (1992) (*citing Textile Workers Union of America v. Lincoln Mills*, 353 U.S.

17  448, (1957).

18  Preemption analysis begins with the "presumption that Congress did not

19  intend to supplant state law."  *AGC Enterp. v. Washington County,* 281 F.3d 1324,

20  1328 (9th Cir. 2002) (quoting *New York State Conference of Blue Cross & Blue*

21  *Shield Plans v. Travelers Ins. Co.,* 514 U.S. 645, 654 (1995)).  In the area of labor

22  legislation, the Supreme Court has directed Courts to examine "congressional

23  intent" to determine "whether a certain state action is preempted by federal law."

24  *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 208 (1985).  The Labor Management

25  Relations Act has been held to preempt state claims when the state claims require a

27  [1] Accordingly, the Court grants Defendant's Motion to Dismiss on the
28  breach of contract claim.

**ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION TO DISMISS** * 3

court to interpret a collective bargaining agreement ("CBA"), *see Cramer v. Consolidated Freightways, Inc.,* 255 F.3d 683 (9th Cir. 2001) (en banc); *Thompson v. Johnson Group*, 5 F.3d 540 (9th Cir. 1993), or "where the state claim 'is inextricably intertwined with consideration of the terms of the labor contract,'" *Allis-Chalmers*, 471 U.S. at 213.  Preemption generally does not occur (1) when the court is not required to interpret the CBA, thereby rendering the state claim "independent", *see Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 413, (1988); *Commodore v. University Mechanical Contractors, Inc.*, 839 P.2d 314, 120 Wash. 2d 120, 129 (1992); or (2) when the right has been deemed non-negotiable, *see Wilson v. City of Monroe*, 943 P.2d 1134, 88 Wash. App. 113, 117 (1997), *review denied*, 958 P.2d 318, 134 Wash. 2d 1028 (1998).

   The Defendant argues that the Supreme Court's reasoning in *Allis-Chalmers* governs the present case.  471 U.S. at 202.  *Allis-Chalmers* held that a Wisconsin common law tort for bad faith handling of an insurance claim was preempted because the bad faith claim was substantially dependent on analysis of the terms of a collective bargaining agreement.  *Id.* at 218.  The Court concluded that the bad faith claim must either be treated as a section 301 claim, or dismissed as preempted by federal labor-contract law.  *Id.*  Defendant argues that RCW 49.12.270 is analogous to the Wisconsin bad faith claim, because that statute provides that "[t]he employee taking leave under the circumstances described in this section *must* comply with the terms of the collective bargaining agreement or employer policy applicable to the leave . . . ."  RCW 49.12.270 (emphasis added). Defendant asserts that this provision means that a court must interpret the CBA to determine the rights of the Plaintiff.

   The Plaintiff submits that no interpretation of the CBA is required because the agreement anticipates that Washington's family and medical leave protections will apply to employees.  Article 22(C) of the CBA provides that "[t]he Company will grant family and medical leave in accordance with the requirements of

**ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION TO DISMISS** * 4

applicable state and federal law in effect at the time the leave is granted." Plaintiff argues that this language perfectly comports with RCW 49.12.270's mandate.[2] At the hearing, the Defendant stipulated that a termination based upon using such protected leave would not create just cause to terminate an employee. Based on the language of Article 22(C) and the Defendant's stipulation, the Court finds that it would not have to interpret the CBA to adjudicate Plaintiff's rights under the FMLA and Washington law.[3]

Plaintiff also contends that her claims are distinguishable from the bad faith claims in *Allis-Chalmers* because her state claims are based on non-negotiable statutory rights. The Court in *Allis-Chalmers* recognized that the state could infer independent, non-negotiable rights. Such rights would withstand preemption by section 301. RCW 49.12.270 provides that if a CBA entitles an employee "to sick leave or other paid time off, then an employer *shall allow* an employee to use any or all of the employee's choice of sick leave or other paid time off to care for" certain family members (emphasis added).

The Ninth Circuit has found that the tort of wrongful discharge in violation of public policy is a non-negotiable right and not subject to arbitration. *See*

---

[2] RCW 49.12.270 provides, *inter alia*, that "[i]f, under the terms of a collective bargaining agreement . . . the employee is entitled to sick leave or other paid time off, then an employer shall allow an employee to use any or all of the employee's choice of sick leave or other paid time off . . . ."

[3] The Defendant argues that determining whether Ms. Esquivel was wrongfully discharged requires interpreting whether she was terminated for "just cause" under Article 6 of the CBA. The Ninth Circuit's decision in *Cramer* teaches, however, that the relevant inquiry is the scope of public policy, and whether that policy was violated by the discharge. *See Cramer v. Consolidated Freightways, Inc.*, 209 F.3d 1122, 1134 (9th Cir. 2000).

**ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION TO DISMISS** * 5

1  *Cramer v. Consolidated Freightways, Inc.*, 209 F.3d 1122, 1131-32 (9th Cir. 2000)

2  (wrongful discharge claims not preempted by LMRA where employee alleged she

3  was fired for protected whistle blowing because no interpretation of CBA

4  required).  This theory of non-negotiable rights was recently embraced by the

5  Washington Supreme Court in *Hisle v. Todd Pacific Shipyards Corp.*, where the

6  court found that a CBA provision did not preempt the Minimum Wage Act

7  ("MWA"), because the MWA was a non-negotiable statutory right.  151Wash. 2d

8  853 (2004); *see also Brundridge v. Fluor Federal Servs., Inc.,* 109 Wash. App. 347

9  (2001) (arbitration provision of a collective bargaining agreement did not require

10 that the plaintiffs arbitrate a claim for wrongful discharge in violation of public

11 policy).

12      The Court finds that Plaintiff's claim for wrongful discharge in violation of

13 public policy is a nonnegotiable right that is not preempted by section 301.

14 **II.    Construction of Claims under Section 301 and Timeliness**

15      Defendant asserts that the Plaintiff's cause of action for wrongful

16 termination in violation of  public policy must either be dismissed as preempted by

17 the LMRA or treated as a section 301 claim under the LMRA.  If the claim is

18 governed by section 301, the 6-month statute of limitation imposed would render

19 the Plaintiff's claim untimely.  The Court finds that because Plaintiff's claims are

20 not preempted by section 301, the Court need not construe her claim as a section

21 301 claim.   Moreover, the Court finds that LMRA's 6-month statute of limitation

22 does not apply.  Each claim would be addressed under the applicable time

23 requirements of Washington's FMLA and the federal FMLA, not those imposed by

24 section 301.  The statue of limitation for a tort of wrongful discharge under RCW

25 49.12.270 is 3 years, and the statute of limitation for a FMLA claim is 2 years.

26 Plaintiff was terminated on February 2, 2004, and commenced this action on April

27 20, 2005. Therefore, there is no violation of the statute of limitation for either

28 claim.

**ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S
MOTION TO DISMISS** * 6

## III.    Failure to Exhaust Claims Under the CBA

Defendant asserts that Plaintiff's FMLA claim should be dismissed because the Plaintiff failed to fulfill resolution obligations imposed by that agreement. Defendant argues that the Plaintiff initiated the CBA's grievance process and then, when the Union withdrew the grievance, filed suit in federal court instead of pursuing the matter by filing an unfair labor practice charge with the National Labor Relations Board.  Defendant contends that by allowing the Plaintiff to file suit in federal court, the Court would allow her to avoid the exhaustion requirements of the CBA and allow her to improperly attach other claims (such as the wrongful discharge violation of public policy).

Defendant relies on *Clayton v. International Union, United Auto., Aero. & Agric. Implement Workers of America*, 451 U.S. 679 (1981), to assert that an employee seeking remedy for a breach of a collective bargaining agreement must exhaust those established procedures before a suit may be brought in federal court. However, the Court in *Clayton* recognized

> where an aggrieved employee cannot obtain either the substantive relief he seeks or reactivation of his grievance, national labor policy would not be served by requiring exhaustion of internal remedies. In such cases, exhaustion would be a useless gesture: it would delay judicial consideration.

*Clayton* at 693.  *Clayton* cited  *NLRB v. Marine Workers*, 391 U.S. 418 (1968), which states, "the policy of deferring judicial consideration of internal union matters does not extend to issues 'in the public domain and beyond the internal affairs of the union.'" *Clayton* at 688.

The Court finds that requiring Plaintiff to exhaust her remedies under the CBA before filing the instant suit would unnecessarily delay judicial consideration and frustrate the purposes of the FMLA.

## IV.    Waiver of FMLA Rights

Defendant asserts that the Plaintiff waived her FMLA rights by entering into the CBA, and the CBA's waiver of judicial remedies was clear and unmistakable.

**ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION TO DISMISS** * 7

Defendant argues that the Plaintiff acknowledged her waiver by initially engaging in the CBA's grievance process.  Plaintiff argues in the alternative that (1) she has not waived her right to pursue the FMLA claim in court, (2) FMLA claims cannot be waived and, (3) even if such rights could be waived, the collective bargaining agreement did not contain a "clear and unmistakable" waiver.

29 C.F.R. §825.220(d) states: "[e]mployees cannot waive, nor may employers induce employees to waive, their rights under the FMLA."  FMLA policy instructs that this provision is a minimum standard which courts have found cannot be waived by collective bargaining agreements.  Given this protection and the above conclusion that the Plaintiff may pursue her FMLA claim before this court, there is no support for the Defendant's waiver argument.

For the above reasons, the Court finds that it possesses subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. §§ 1331 and 1367.  Further, the Court finds that when all allegations of material fact are taken as true and construed in the light most favorable to the Plaintiff, Plaintiff states a claim for which relief may be granted.

Accordingly, **IT IS HEREBY ORDERED:**

1.    Defendant's Motion to Dismiss (Ct. Rec. 7) is **DENIED IN PART AND GRANTED IN PART.**

2.     Pursuant to the stipulation of the parties, Plaintiff's breach of contract claim is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and forward copies to counsel.

**DATED** this 30th  day of July, 2005.


s/ ROBERT H. WHALEY
UNITED STATES DISTRICT JUDGE

**ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION TO DISMISS** * 8